OPINION OF THE COURT
Loren N. Brown, J.
By notice of petition and supporting papers, the petitioner moves, pursuant to CPLR article 78, for an order compelling the respondents to return the current Town of Northumberland financial records and account books to the Town Hall in Gansevoort, County of Saratoga.
Respondent Robert Wilson, the Town Supervisor, is responsible for appointing and supervising the Town Bookkeeper. Respondent Ann Eastman was appointed as a part-time bookkeeper, and as her predecessors apparently did, she has kept the books at her home. At a regular monthly meeting, the Town Board passed a resolution requiring that the town financial records and account book be kept in the town offices. *448 The Board, through the Town Attorney, requested the return of the records, but the request was denied. The result was this article 78 proceeding.
In support of the petition, it is contended that there is no authority for a bookkeeper to keep a town’s financial records in his or her home if it is possible, as it is alleged here, to keep the records in a public building (see, 1980 Opns St Comp No. 78, p 26). The petitioners read Town Law §29 (4), and Public Officers Law § 87 (FOIL) to require that town records be kept in a public building.
The respondents maintain that there is no prohibition against keeping the records in a private home, and that as a practical matter, the bookkeeper’s home is the most convenient and practical location. A part-time bookkeeper, it is alleged, would be inconvenienced by repeated, time-consuming trips to the Town Hall for the purpose of making business entries. The respondents also claim that the private home is more secure than the Town Hall. The respondents further allege, without contradiction, that the books are open and available for inspection at all reasonable hours of the day.
The pivotal issue before the court is whether the respondents are violating their duty by failing to keep the books in the Town Hall. (CPLR 7803 [1].)
Town Law § 29 (4) requires that the account books "shall be public records, open and available for inspection at all reasonable hours of the day, and, upon the expiration of [the Supervisor’s] term, shall be filed in the office of the town clerk”. By not specifying where the records could be kept, as was clearly within its power, the Legislature left to the Supervisor’s discretion where to maintain the records. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) Implicitly, the Legislature, by requiring the filing of the records in the Town Clerk’s office at the expiration of the Supervisor’s term, recognized that the records could be maintained elsewhere during his term. The statute is satisfied if the records are open and available to the public at all reasonable hours of the day, and if at the end of the Supervisor’s term, they are properly filed.
The petitioners also rely on Public Officers Law § 87 (1) (b) (FOIL). That section requires the governing body of the town to promulgate uniform regulations requiring each town agency to make its records available at specified times and places. Such regulations would also specify the persons from *449 whom such records may be obtained and the fees to be charged for copies of the records. (Public Officers Law § 87 [1] m mm)
The papers submitted indicate that no uniform regulations pursuant to FOIL have been promulgated by the Town of Northumberland. It is alleged by the respondents, without contradiction, that current records of the Northumberland Town Justice, the Northumberland Town Tax Collector, the Northumberland Town Highway Superintendent, and the Town Assessors are stored in private residences or places other than the Town Hall. The resolution of the Town Board, which was not as complete as required by FOIL, is aimed solely at the respondents. The court finds that the resolution of the Town Board was not in compliance with FOIL, and cannot be used under the guise of FOIL to force the respondents to place the records in the Town Hall.
In conclusion, the court finds that there is no present requirement that the bookkeeper keep the pertinent books at the town offices, and that the Town Supervisor has discretion in determining where the books are to be kept as long as they are accessible to the public. Furthermore, the court finds that because of the uncontested allegation that the books are accessible to the public during reasonable hours, the statutory requirements have been met.
The petition is, in all respects, denied.